UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

FILED
JUL 18 2008
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

---------------------------------------X

IN RE: Request from Switzerland Pursuant to the Treaty Between the United States of America and the Swiss Confederation on Mutual Assistance in Criminal Matters in the Matter of Reto Stössel

NO. 2:08-MC-0090 LKK EFB

---------------------------------------X

MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER

The United States is seeking an Order appointing a Commissioner to collect evidence requested by Switzerland in its attached Treaty Request made pursuant to the Treaty between the United States of America and the Swiss Confederation on Mutual Assistance in Criminal Matters, May 25, 1973, 27 U.S.T. 2019, T.I.A.S. 8302 (entered in force Jan. 23, 1977) [hereinafter referred to as "the Treaty"]. A treaty constitutes the law of the land. U.S. Const. art. VI. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. Asakura v. City of Seattle, Washington, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. United States v. Erato, 2 F.3d 11, 15-16 (2d Cir. 1993).

A. The Treaty

The United States and Switzerland entered into the Treaty for the purpose of promoting mutual legal cooperation in criminal matters. The Treaty obliges each state to provide assistance to the other in investigations of offenses covered under the Treaty and in court proceedings related to such offenses. Article 1(1). The assistance includes interviews and depositions of witnesses, production of documents and other things, and asset freezes. Article 1(4); Barr v. U. S. Department of Justice, 645 F. Supp. 235, 237 (E.D.N.Y. 1986), aff'd, 819 F.2d 25 (2d Cir. 1987).

The Treaty empowers federal district courts to execute Swiss requests in order to comply with the United States' treaty obligation. Article 31(2) provides that a court has:

> all of the jurisdiction, authority and power . . . which it has in investigations or proceedings with respect to an offense committed within its jurisdiction.

The Treaty also requires that federal district courts use their power to execute Swiss requests. Article 9(3) provides that:

> The appropriate judicial officers and other officials in each of the two States shall, by all legal means within their power, assist in the execution of requests from the other State.

The Treaty contemplates that federal district courts will use compulsory measures to execute Swiss requests. Article 10(1). The Treaty requires the use of compulsory measures where, as provided by Article 4(2):

> . . . the acts described in the request contain the elements, other than intent . . . of an offense . . . which would be punishable under the law in the requested State if committed within its jurisdiction and [which] is listed in the Schedule [Offenses for Which Compulsory Measures Are Available].

[The Treaty also permits the use of such measures where the conditions of Article 4(2) are not met. See Article 4(3) and (4).] The acts described in the Swiss request, summarized below, contain the elements of an offense which, if committed in the United States, would be punishable. The offense is listed in the Treaty Schedule under item 18. The provisions of Article 2(1), which limit the application of the Treaty, are inapplicable to this request.

B. Use of the Treaty to Execute Requests for Assistance

The Treaty is self-executing and requires no implementing legislation. See Letter of Submittal of Treaty to the President from the Department of State, February 5, 1976. Even so, it contains little in the way of a procedural framework for executing requests. Instead, it relies on the law of each state to establish procedures for executing requests in that state. Article 9(1) provides that:

> Except as otherwise provided in this Treaty, a request shall be executed in accordance with the usual procedure under the laws applicable for investigations or proceedings in the requested State with respect to offenses committed within its jurisdiction.

[The Treaty also permits either state to ask for special procedures. Article 9(2).] Consequently, federal district courts routinely utilize the "commission" procedure authorized by 28 U.S.C. §1782, the statute governing the provision of assistance for foreign judicial proceedings generally, to fulfill their judicial responsibility under the Treaty of executing Swiss requests.

1. Appointment of a commissioner

Section 1782 provides in pertinent part that:

> The district court . . . may direct that the testimony or statement [of a person who resides or is found within the district] be given or the document or other thing be produced, before a person appointed by the court.

A federal district court customarily appoints or "commissions" a person ("commissioner") to collect evidence on behalf of the court and authorizes the commissioner to submit the evidence collected to the requesting foreign court or authority. With requests for assistance in criminal matters, a court typically appoints an Assistant United States Attorney as commissioner. However, a court also may commission a foreign authority together with (or in lieu of) an Assistant United States Attorney. See, e.g., In re Letter of Request from the Supreme Court of Hong Kong, 138 F.R.D. 27, 29 (S.D.N.Y. 1991) [hereinafter Hong Kong].

Application to a federal district court for appointment of a commissioner to execute a foreign request for judicial assistance

is handled ex parte. In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 688 (D.C. Cir. 1989); In re Letters Rogatory from the Tokyo District, Tokyo, Japan, 539 F.2d 1216, 1219 (9th Cir. 1976).

2. Establishment of an evidence-collecting procedure

Section 1782 further provides in pertinent part that:

> To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

A federal district court empowers a commissioner to collect the evidence using the procedure prescribed by the court. A court has "complete discretion in prescribing the procedure to be followed." Sen. Rep. No. 1580, 88th Cong., 2d Sess. 1 (1964), reprinted in 1964 U.S. Code Cong. & Admin. News 3782, 3789. When a court's order fails to specify a procedure by which a commissioner is to collect the evidence, the Federal Rules of Civil Procedure apply. In re: Letters Rogatory from the Tokyo District Prosecutor's Office, Tokyo, Japan, 16 F.3d 1016 (9th Cir. 1994); Hong Kong, 138 F.R.D. at 32. However, as Section 1782 makes clear, when a court does specify a procedure other than one in accordance with the Federal Rules of Civil Procedure, the alternative procedure shall apply. In re Letter of Request from the Government of France, 139 F.R.D. 588, 590-591 (S.D.N.Y. 1991).

In executing Swiss requests, the Treaty obligates the courts to follow the "usual procedure . . . for investigations or proceedings . . . with respect to offenses committed within" the United States. Article 9(1). In other words, the Treaty requires that courts order the use of procedures comparable to those applicable in domestic investigations and prosecutions of criminal matters rather than, by default, the Federal Rules of Civil Procedure.

a. Commissioner's subpoena

Article 31(3) provides for the issuance of procedural documents, such as subpoenas, to effectuate the gathering of evidence:

> The Court . . . to which a request is transmitted . . . shall, when necessary, issue a procedural document . . . to require the attendance and statement or testimony of persons, or the production or preservation of documents, records or articles of evidence.

If a federal district court so orders, a commissioner may use the attached form, entitled commissioner's subpoena, to obtain the requested evidence. See, e.g., United States v. Erato, 2 F.3d 11, 12-13 (2d Cir. 1993) (incorporating in pertinent part the district court's order directing the use of commissioner's subpoenas). The commissioner's subpoena is a creation of neither the Federal Rules of Criminal Procedure nor the Federal Rules of Civil Procedure, but is an order of the court for the production of evidence in accordance with both the Treaty and Section 1782.

See Article 31(2); 28 U.S.C. 1651. Upon authorization by a court, a commissioner may issue such commissioner's subpoenas as are necessary to execute the request.

b. Notice of evidence taking

Article 10(1) requires a use of compulsory process in the execution of Swiss requests comparable or similar to that in domestic criminal investigations or prosecutions:

> A person whose testimony or statement is requested under this Treaty shall be compelled to appear, testify and produce documents, records and articles of evidence in the same manner and to the same extent as in criminal investigations or proceedings in the requested State.

Inasmuch as grand jury and criminal trial subpoenas are issued without notice to other than the recipients (i.e., no notice to targets, defendants, or third parties), commissioner subpoenas issued in execution of Swiss requests likewise should require no notice to other than the recipients. Accordingly, a federal district court should authorize a commissioner to collect the evidence requested without notice to any party other than the recipient of the commissioner's subpoena except to the extent that a Swiss request asks for specific notice procedures.[7]

---

[7] Historically, United States authorities have executed requests for judicial assistance in criminal matters without notification to actual or potential targets of investigations, or even to parties in proceedings, in order to protect against compromising foreign investigations and proceedings. Moreover, United States authorities customarily rely on the requesting courts and authorities to provide such notice directly to the

C. The Present Request

The instant Treaty Request has been made by the Division of Police of the Swiss Federal Department of Justice and Police, the Central Authority under Article 28 of the Treaty, in connection with a current criminal investigation by the Office of the Swiss Attorney General. The Office of the Swiss Attorney General is investigating Reto Stössel for money laundering related to an investment fraud scheme. Approximately 400 investors in Austria, Germany, and Switzerland invested more than €20 million which Stössel then used to pay interest and make transfers to personal bank accounts in the name of Stössel and his wife. During the execution of a search warrant on Stössel's residence in Switzerland, authorities found documents listing Stössel and his wife as owners of a company, Rena Consulting, Inc., registered to an address in Oregon. Swiss authorities also found bank records from Umpqua Bank in Roseville, California, for a bank account held in the name of Rena Consulting. The Office of the Swiss Attorney General has asked for assistance in obtaining Rena

---

relevant parties as foreign law requires. Finally, requesting courts and authorities routinely request that United States executing authorities follow particular, stated notice procedures when such procedures are necessary or useful under the foreign law or practice. For example, foreign requests frequently ask (1) that a person to be interviewed (generally a defendant or suspect) be given notice of applicable testimonial privileges (e.g., against self-incrimination) at the time of the interview and (2) that a defendant and defense counsel be permitted to be present during the taking of testimony of a witness and be given sufficient notice to make arrangements.

Consulting's bank records from Umpqua Bank.

Accordingly, to execute this request, the government moves this Court to issue the attached Order appointing Assistant United States Attorney Camil A. Skipper as Commissioner, authorizing her to take the actions necessary, including the issuance of Commissioner's subpoenas, to obtain the evidence requested, and to adopt such procedures in receipt of the evidence as are consistent with the intended use thereof in Switzerland.

Respectfully submitted,

McGREGOR W. SCOTT
UNITED STATES ATTORNEY

By: ______________________
CAMIL A. SKIPPER
Assistant U.S. Attorney

COMMISSIONER'S SUBPOENA

UNITED STATES DISTRICT COURT

__________ DISTRICT OF __________

TO: ________________________________

________________________________

________________________________

I, Commissioner __________________________, an Assistant United States Attorney for the ___________ District of ___________, acting under the authority of the Treaty between the United States of America and the Swiss Confederation on Mutual Assistance in Criminal Matters, and under Title 28, United States Code, Section 1782, for the purpose of rendering assistance to Switzerland, command that you appear before me in Room ______, in the building located at ________________________, in the city of _________________, in the state of __________________, at ______ a.m./p.m., to provide testimony/documents regarding an alleged violation of:

The laws of Switzerland and/or its Cantons,

namely, _______________________________________,

among other alleged violations,

and that at the time and place aforesaid you provide the following:

For failure to attend and provide testimony/said documents, you will be deemed guilty of contempt and liable to penalties under the law.

Dated:

COMMISSIONER ________________________________
Assistant United States Attorney for the
________________ District of _______________
Telephone (___)___-____